E-FILED
Wednesday, 07 January, 2015  10:15:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **Shawn Renee Fox,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>**Defendant.** | Case No. 13-2283 |

## REPORT AND RECOMMENDATION

Plaintiff Shawn Renee Fox seeks review under 42 U.S.C. § 405(g), of the Social Security Administration's denial of her application for disability insurance benefits. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#16)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings.

### I.  Background

On March 17, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning June 1, 2010. The claim was denied initially and upon reconsideration. On July 12, 2012, Plaintiff, represented by counsel, appeared for a hearing in front of an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff and a vocational expert.

On August 3, 2012, the ALJ issued an unfavorable decision. (R. 12-23.) The ALJ found that Plaintiff had the severe impairments of status post left rib injury; status post rib resection; and obesity. The ALJ determined that Plaintiff's impairments did not meet or medically equal the listings and that Plaintiff retained the residual functional capacity (RFC) to:

> "perform light work as defined in 20 CFR 404.1567(b) except that she can only occasionally climb ramps and stairs, but can never climb ladders, ropes, or

scaffolds, can only occasionally balance, stoop, kneel, crouch, or crawl; can have no exposure to vibrations; can have frequent exposure to hazards such as moving machinery or unprotected heights; and can perform unskilled work tasks that can be learned by demonstration or in 30 days or less."

(R. 18.) The ALJ reasoned that Plaintiff could not return to her past relevant work as a shipping/receiving supervisor, a retail manager, or a nursing assistant; but found that jobs exist in significant numbers in the regional and national economy that Plaintiff can perform. (R. 22-23.) Therefore, the ALJ found Plaintiff not disabled. The ALJ's ruling became the Commissioner's final decision when the Appeals Council denied review.

Plaintiff argues the ALJ erred when (1) assessing Plaintiff's RFC; (2) failing to consider the aggregate effect of Plaintiff's impairments; and (3) finding Plaintiff's testimony lacked credibility.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Discussion
### A. The ALJ's RFC Determination

Plaintiff first contends that the ALJ failed to explain how the evidence supported her assessment of Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ did not explain how she determined that work at the light exertional level was appropriate or how she determined the limitations she applied to Plaintiff's RFC.

2

Plaintiff's original injury involved her left ribs, and she had two ribs removed in September 2011. Plaintiff acknowledged that the surgery eliminated the rib pain, but she claims that she experienced a new, lasting pain at the surgery site.

In determining Plaintiff's RFC, the ALJ considered Plaintiff's activities of daily living as reported by Plaintiff and her husband. According to the ALJ, Plaintiff testified at the hearing that her husband performed the chores around the house, that she had trouble concentrating and focusing, received two hours of uninterrupted sleep each night, could stand for ten minutes before needing to sit down, and could walk for about one-half block. (R. at 35, 39, 43, 45, 46.) However, the ALJ found Plaintiff's testimony was inconsistent with Plaintiff's function report and her husband's third party function report. According to the ALJ, Plaintiff's function report indicated that she took care of her personal needs, mowed the lawn, shopped, cleaned the house, did laundry, cooked, gardened, and played with her dogs. (R. 21.)

The Court has two major concerns with the ALJ's analysis. First, Plaintiff's most recent function report was completed by Plaintiff in July 2011, two months prior to her rib surgery in September 2011. The medical evidence and Plaintiff's testimony at the hearing make it clear that Plaintiff suffered from distinctly different pains prior to her surgery compared to post-surgery. As the function report was completed prior to the surgery, it is relevant as to Plaintiff's disability status from the alleged onset date of June 2010 up until the surgery in September 2011. The function report, however, is not relevant to Plaintiff's ongoing pain and alleged disability after the surgery. Further, the ALJ also relied on Plaintiff's husband's third party function report. This report, however, was completed in April 2011, also prior to Plaintiff's surgery. Therefore, the husband's function report is also only relevant as to Plaintiff's disability status prior to the surgery.

Second, a closer look at Plaintiff's function report reveals that Plaintiff actually indicated that while she *used* to mow the lawn, shop, clean the house, do laundry, cook, garden and play with her dogs, she no longer can do any of these things and they are now her husband's responsibility. On page 3 of her July 30, 2011, function report, Plaintiff was asked to list household chores that she is able to do. Plaintiff filled out this line stating that she performed "mowing, shopping, clean house, laundry, gardening, play with dogs." (R. 190.) However, very

3

clearly on the next line when asked how much time it takes her to complete these tasks, Plaintiff wrote, "my husband now does all of these because of my injury." (R. 190.) As further evidence of her inability to perform these tasks, Plaintiff indicated that she could no longer mow, cook, walk or play with the dogs, or garden throughout her function report. The ALJ did not seek to clarify the inconsistencies within the function report at the hearing,

Plaintiff's husband's function report is also consistent with Plaintiff's testimony at the hearing. In his function report, Plaintiff's husband reported that Plaintiff could no longer do inside or outside work, could not bend, reach high up, mop floors, mow, garden, play with their grandchildren, or play with their pets. The ALJ read the function report, but focused on the fact that Plaintiff's husband reported that Plaintiff could dust, walk around the house, watch television, and use the computer. However, the ALJ did not address any of the above listed limitations that the husband indicated the Plaintiff experienced. It is not clear why the ALJ chose to focus on the few abilities the husband reported while ignoring the limitations he included.

The Court recommends the case be remanded and the ALJ be directed to reconsider Plaintiff's testimony along with Plaintiff and her husband's function reports and make findings with regards to Plaintiff's disability both pre- and post-surgery.

### B. The Aggregate Effect of Plaintiff's Limitations

Next, Plaintiff contends that the ALJ failed to consider the aggregate effect of Plaintiff's limitations, specifically Plaintiff's limitations due to obesity. According to Plaintiff, the ALJ failed to consider the effect of Plaintiff's obesity on her inflamed ribs and her sleep apnea. Additionally, Plaintiff argues that the ALJ failed to consider the effects of obesity on Plaintiff's other impairments. In her decision, the ALJ found that Plaintiff suffered from the severe impairment of obesity and noted that she specifically considered the cumulative effects of Plaintiff's obesity. (R. 17.) The ALJ also found that Plaintiff's sleep apnea was a nonsevere impairment. Only after making these considerations did the ALJ determine Plaintiff's limitations, and therefore it is the Court's opinion that the ALJ sufficiently considered the aggregate effects of Plaintiff's obesity and other limitations.

### C. Plaintiff's Credibility

Finally, Plaintiff argues that the ALJ should have relied on Plaintiff's subjective testimony regarding her injury and abilities. As discussed above, the ALJ discredited Plaintiff's testimony at the hearing by concluding that it conflicted with Plaintiff's previously submitted function report. Again, this Court finds that the ALJ misinterpreted Plaintiff's function report and recommends the case be remanded for reconsideration of Plaintiff's credibility.

### IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#16)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 7th Day of January 2015.

                                                 s/DAVID G. BERNTHAL
                                                 UNITED STATES MAGISTRATE JUDGE